AO 243 (Rev. 01/15)                                                                                     Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | |
|---|---|---|
| Name *(under which you were convicted)*: Jimmie Archibald Sutton | | Docket or Case No.: 4:05CR00909-RBH-ALL |
| Place of Confinement: United States Penitentiary, Tucson, Az. | Prisoner No.: 13935-171 | |
| UNITED STATES OF AMERICA V. | Movant *(include name under which convicted)* JIMMIE ARCHIBALD SUTTON | |

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

United States District Court, District of South Carolina, Florence

 

(b) Criminal docket or case number (if you know): 4:05-cr-00909-RBH-ALL

2.  (a) Date of the judgment of conviction (if you know): May 4,2006

(b) Date of sentencing: July 20,2006

3.  Length of sentence: 185 Months

4.  Nature of crime (all counts):

Felon in Possession of a Firearm and Ammunition,
18 U.S.C. §922(g)(1), 924(e)

 

5.  (a) What was your plea? (Check one)

(1) Not guilty ☐          (2) Guilty ☒          (3) Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

N/A

 

6.  If you went to trial, what kind of trial did you have? (Check one)          Jury ☐          Judge only ☒

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?          Yes ☐          No ☒

8.  Did you appeal from the judgment of conviction?          Yes ☐          No ☒

AO 243 (Rev. 01/15)                                                                                                    Page 3

9.  If you did appeal, answer the following:

(a) Name of court:  United States Court of Appeals for the Fourth circuit

(b) Docket or case number (if you know):  06-4823

(c) Result:  Affirmed

(d) Date of result (if you know):  August 7, 2006

(e) Citation to the case (if you know):  215 Fed. Appx. 304 (1/31/07)

(f) Grounds raised:

Sixth Amendment Violation because indictment did not allege the predicate offenses that made Defendant subject to the ACCA.

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☒    No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:  U.S. District Court For The District Of South Carolina

(2) Docket or case number (if you know):  4:10-cv-70312-RBH

(3) Date of filing (if you know):  12/20/10

(4) Nature of the proceeding:  28 U.S.C. §2255

(5) Grounds raised:  Change in South Carolina Law rendering Petitioner's PRIOR State Conviction no longer a predicate for the ACCA.

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐        No ☒

(7)  Result:  Denied

(8)  Date of result (if you know):  March 15, 2011

(b) If you filed any second motion, petition, or application, give the same information:

(1)  Name of court:

(2)  Docket of case number (if you know):

(3)  Date of filing (if you know):

(4)  Nature of the proceeding:

(5)  Grounds raised:

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐        No ☐

(7)  Result:

(8)  Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:       Yes ☐        No ☒

(2)  Second petition:     Yes ☐        No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Denial of COA

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**    NEW SUBSTANTIVE RULE OF CONSTITUTIONAL LAW

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant submits that his pror conviction for Criminal Sexual Conduct Third Degree in Violation of S.C. Code Ann §16-3-654 is not a violent felony and is not an enumerated offense, the crime of CSC 3rd can only be a valid predicate under the RESIDUAL CLAUSE, whichhas been invalidated by Johnson. Thus, CSC 3rd is no longer a valid predicate for the ACCA Enhancement.

(b) **Direct Appeal of Ground One:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2)   If you did not raise this issue in your direct appeal, explain why:

"NEW LAW" UNDER JOHNSON

(c) **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

**STATE OF SOUTH CAROLINA**

COUNTY OF ___Florence___                                   **AFFIDAVIT**

Personally appeared before me, Judge of the Court, one ___Ruby Woods___
who being duly sworn, deposes and says that ___Jimmy Sutton___ (name of defendant) did within this Cour
and State on ___May 4___ 19 _85_, violate the criminal laws of the State of South Carolina [or ordinance of the municipal
of ___Florence___ ] in the following particulars:

DESCRIPTION OF OFFENSE

Criminal Sexual Conduct, 1st Degree

I further state that there is probable cause to believe that the defendant named above did commit the crime set forth and th
such probable cause is based on the following facts:

The defendant and affiant were at a night spot called the Upstairs in Timmonsville; defendant
offered to take the affiant home. Defendant parked vehicle miles from the affiant's mother
residence; affiant jumped out of vehicle and ran; defendant caught her; assaulted her and
threatened to do bodily harm to her. Forcibly took the affiant back to the vehicle; hitting
her about the head with his fist; forced the affiant to have oral sex with him several times;
putting his penis in the affiant's rectum, then engaging in sexual intercourse with the
affiant. This taking place at Rt. 3 Timmonsville not far from the affiant's mother and has
been investigated by the Sheriff's Dept. The affiant was treated at McLeod Hospital.

Sworn to and Subscribed before me,

This _19th_ day of _July_, 19 _85_

_____(L.S.)
Signature of Issuing Judge

Address Drawer W
Florence, S. C.    29501
Phone: 665-3001

Signature of Affiant

Address Rte. 1, Box 40-A
Timmonsville, S.C.
Phone: 346-3360

---

**STATE OF SOUTH CAROLINA**    **ARREST WARRANT**

COUNTY OF ___Florence___

[or MUNICIPALITY OF ___Florence___ ]

TO ANY LAW ENFORCEMENT OFFICER OF THIS STATE, COUNTY OR MUNICIPALITY, OR ANY CONSTABLE OF THIS COUNTY:

It appearing from the above affidavit that there are reasonable grounds to believe that ___Jimmy Sutton___
(name of defendant) did on ___May 4___ 19 _85_, violate the criminal laws of the State of South Carolina [or ordinance
of the municipality of ___Florence___ ] as set forth below:

DESCRIPTION OF OFFENSE

Criminal Sexual Conduct, 1st Degree

Now, therefore, you are empowered and directed to arrest the said defendant and bring him or her before me forthwith to be
dealt with according to law. A copy of this Arrest Warrant shall be delivered to the defendant at the time of its execution, or as soon
thereafter as is practicable.

CERTIFIED: A TRUE COPY

Connie Beck, Shearin
CLERK OF COURT C.P & G.S
FLORENCE COUNTY, S.C.

"Exhibit "A"

Done at ___Florence___, S. C.
on ___July 19___ 19 _85_

_____(L.S.)
Signature of Judge

Form Approved by
S.C. Attorney General
May 13, 1983

FORM CONTINUES ON BACK
ORIGINAL

# ARREST WARRANT

**RETURN**

A copy of this Arrest Warrant was delivered to the following defendant:

~~Hety~~ 223 Jimmy Sutton

on the 23 day of July 19 85

Sam Ca~~~~

Signature of Constable or Law Enforcement Officer

This warrant is certified for service in

Darlington (County) (Circle Municipality one)

The accused is to be arrested and brought before me to be dealt with according to law.

Winfred L Flowers (L.S.)

Signature of Judge

**PRELIMINARY HEARING held by**

Judge _____

on _____ 19 ___

with _____
Attorney for Defendant

Decision: _____

**BAIL**

Date Set _____ 19 ___

Judge _____

Amount _____

Surety _____

RETURN WARRANT TO:

---

No. **B 262035**

**STATE OF SOUTH CAROLINA**

Florence    County    (Circle one)
_____ Municipality

**THE STATE**

against

Jimmy Sutton
_____

Address: Rt. 4
_____

Hartsville, S. C.
_____

Phone _____ SSN _____

Sex ____ Race ____ Height ____ Weight ____

DOB _____ DL _____

Offense  Criminal Sexual Conduct, 1st

Degree

Code (or Ordinance) § _____

Date of Offense  5 4 85
                 7 19 85

Officer  Abraham

Agency  FCSD

Date of Disposition _____

Disposition _____

Sentence _____

Co-Defendants _____

---

WITNESSES:

Name _____

Address _____

_____ Phone _____

Name _____

Address _____

_____ Phone _____

Name _____

Address _____

_____ Phone _____

Name _____

Address _____

_____ Phone _____

Name _____

Address _____

_____ Phone _____

**JURORS**

_____ _____

_____ _____

_____ _____

_____ _____

**RECEIVED**

JUL 23 1985

DARLINGTON COUNTY
SHERIFF'S OFFICE
DARLINGTON, S. C.

Appeal: 16-210    Doc: 2-1    Filed: 03/01/2016    Pg: 24 of 37

AO 243 (Rev. 01/15)                                                                                                    Page 6

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):     _____

Date of the court's decision:    _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:

_____

_____

**GROUND TWO:**     _____

_____

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Movant's conviction for Involuntary Manslaughter is no longer a valid
predicate after the Residual Clase was held VOID FOR VAGUENESS. This
Court held that the South Carolina conviction of Involuntary Manslaughter
QUALIFIED as a violent felony uner the RESIDUAL CLAUSE.

(b)   **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐       No ☒

(2)   If you did not raise this issue in your direct appeal, explain why:

"NEW LAW" UNDER JOHNSON

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐       No ☒

AO 243 (Rev. 01/15)                                                                                                           Page 7

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

_____

**GROUND THREE:** _____ N/A _____

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 243 (Rev. 01/15)

(b) **Direct Appeal of Ground Three:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐     No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐     No ☐

    (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐     No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐     No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐     No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

---

**GROUND FOUR:**    N/A

---

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

---

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

---

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):    _____

Date of the court's decision:    _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:

UNKNOWN

(b) At the arraignment and plea:                    "

(c) At the trial:                    "

(d) At sentencing:                    "

(e) On appeal:                    "

(f) In any post-conviction proceeding:                    "

(g) On appeal from any ruling against you in a post-conviction proceeding:                    "

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?          Yes ☐          No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐          No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?          Yes ☐          No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

SEE MOTION UNDER 28 U.S.C. §2244

AO 243 (Rev. 01/15)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)  the date on which the judgment of conviction became final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)

Page 13

Therefore. movant asks that the Court grant the following relief:

<u>Vacate current Sentence and Resentence in line with JOHNSON CASE</u>
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ___2- 23- 2016___ .
                                                                                                    (month, date, year)

Executed (signed) on _____ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

On or about April 19, 1999, petitioner pleaded guilty to the one count of "Involuntary Manslaughter" in violation of "§ 16-3-60 of the S.C. Code of Laws, bearing CDR Code # 0218." The Judgment and Sentencing document generated by the State Court indicates that the charge is classified by the State of South Carolina as "NON-VIOLENT." (Exhibit #2) The Court imposed a sentence of "five" years imprisonment and the petitioner was committed to the "State Department of Corrections." Petitioner's prison term expired on October 17, 2001. (Ex.#2)

On August 24, 2005, petitioner was named in a one-count Indictment filed in the District of South Carolina. The Indictment charged that:

> "On or about November 3, 2003, in the District of South Carolina, Jimmie Archibald Sutton, a/k/a/ Ronnie L. Hickman, having been convicted of a crime punishable by imprisoment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm and ammunition, that is, an Iver Johnson .32 caliber revolver and .32 caliber ammunition, all of which had been shipped and transported in interstate commerce; in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)." (Ex. #3, Presentence and Investigation Report(PIR), Page 3, Part A, Para. 1&2)(Docket Entry #2)

On May 4, 2006, petitioner entered a plea of guilty to the charge as presented in the Indictment. (Dk. #35)

On May 9. 2006, Van N. Benson, United States Probation Officer (VNB/26000), prepared a PRESENTENCE INVESTIGATION REPORT.* In PART B. DEFENDANT'S CRIMINAL HISTORY/OFFENSE LEVEL COMPUTATIONS at Page 7, Para 21, the Report uses the aforementioned "Involuntary Manslaughter" conviction to establish a "3" point criminal history score which resulted in a "subtotal criminal history score of 12." The PIR placed the state conviction under USSG 4A1.1(a). Having determined that the total of the criminal history points were 12, the probation officer then calculated that "[a]ccording to the sentencing table at Chapter 5, Part A, 12 criminal history points establish a criminal history category of V." And, thus, "[b]ecause the defendant is an armed career criminal, pursuant to U.S.S.G. § 4B1.4(c), the criminal history category shall be VI." (PIR, P.9, ¶¶ 25, 26, and 27)

The Base Offense Level was set at 24 per the U.S.S.G. for violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) as found in U.S.S.C. § 2K2.1(a)(2). (PIR, P.10, ¶33)

---

*Petitioner cannot locate any entry number denoting a Docket number for the REPORT. The CRIMINAL DOCKET SHEET does not have any reference to the REPORT ever having been filed. However, both the Plea Hearing and Sentencing transcripts refer to it. Also, petitioner has been able to review a copy.

Specific Offense Characteristics was determined to be "+4" pursuant to U.S.S.G. §2K2.1(b)(5) because the "defendant used or possessed [a] firearm in connection with another felony offense[.]" (PIR, P.10, ¶34) This increased petitioner's offense level to 28 points.

In applying "Chapter Four Enhancements," the PRI made the determination that another 6 points should be added to the 28 points already calculated because, "as is shown in Part B (Criminal History)[...]the defendant has at least three (3) prior convictions for a violent felony or serious drug offense or both, committed on occasions different from one another. Since the instant offense is a conviction of 18 U.S.C. § 922(g), the defendant is an armed career criminal within the meaning of U.S.S.G. § 4B1.4. The offense level determined under U.S.S.G. § 4B1.4(b)(3)(A) is 34 rather than the lower level calculated [at 28]. The defendant has the following qualifying offenses: Criminal Sexual Conduct Third Degree, Distribution of Cocaine within one-half mile of a school, and INVOLUNTARY MANSLAUGHTER." (PIR, P.10, ¶39)(Emphasis added).

The PIR then reduced the offense level by 2 points in an Adjustment For Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1(a), and again reduced it by another 1 point pursuant to U.S.S.G. § 3E1.1(b) for a total offense level of 31 points. (PIR, P.10, ¶¶ 40, 41, and 42)

Having made above determinations, the PIR then addressed in PART D. SENTENCING OPTIONS the Statutory Provisions stating that "[t]he minimum term of imprisonment is 15 years and the maximum is life, pursuant to 18 U.S.C. §§922(g)(1), 924(a)(2), and 924(e)." (PIR, p.12, ¶56) The conclusion reached by the PIR was that "[p]ursuant to U.S.S.G. Chapter 5, Part A, based on a total offense level of 31 and a criminal history category of VI, the guideline range for imprisonment is 188 to 235 months." (PIR, P.12, ¶57 Guideline Provisions)

On July 20, 2006, petitioner appeared for sentencing before Hon. R. Bryan Harwell, United States District Judge. The court asked both the petitioner's attorney, William F. Nettles, and the United States' attorney, A.W. Bethea, if they "had an opportunity to review the Presentence Report including any revisions or addenda, and are there any objections with regard to it?" Both attorneys having indicated they had no objections to the report, the court stated, "I'll adopt the factual statements in the presentence report as my findings of facts."

The court then adopted as applicable that the total offense level was 31, and the criminal history category was 6, (Sent.TR, p. 2, ¶¶ 12-25) and the guideline range 188 to 235 months. (Sent.TR P.3, ¶1)

Based on U.S.S.G. § 5K2.23, the court granted a motion by petitioner for a downward departure which adjusted the Guideline Range to 185 to 235. (Sent.TR, P.9, ¶7-11) Thereafter, the court sentenced petitioner to be:

> "COMMITTED TO THE CUSTODY OF THE BUREAU OF PRISONS TO BE IMPRISONED FOR A TERM OF 185 MONTHS." (Sent. TR, P.10, ¶7-9)

Thus, the state indictment, guilty plea and sentencing records conclusively establish that the South Carolina state law of "Involuntary Manslaughter" was not categorically a violent felony. (Ex.## 1&2) These state records show that petitioner did not commit a crime of violence for sentencing enhancement purposes as the PRI determined when it used the state involuntary manslaughter conviction to calculate a 3 point enhancement to his criminal history/offense level. By considering the non violent state conviction to be violent, the PRI erroneously calculated the criminal history score as 12. Considering the non-violent state conviction as violent also erroneously established petitioner's category to be at VI.

The records and documents submitted herein show that petitioner's sentence was imposed as a result of an incorrect application of the sentencing guidelines.

6-E